UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Thomas A. Green, ) | Civil Action No.: 9:14-cv-04769-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Thomas A. Green ("Plaintiff"), seeks judicial review, pursuant to 42 U.S.C. § 405(g), of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). The matter is before the Court for review of the Report and Recommendation ("R&R") of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) for the District of South Carolina. The Magistrate Judge recommends the Court affirm the Commissioner's decision. [ECF #19, p. 28].

**Factual Findings and Procedural History**

The factual findings and medical history of Plaintiff's treatment are adequately and thoroughly set forth in the R&R. [ECF #19, pp. 3-13]. On July 20, 2011, Plaintiff filed a claim for DIB alleging a disability onset date of February 10, 2011. [ECF #12, p. 2]. The Commissioner denied his application initially and on reconsideration, so Plaintiff requested a hearing before the Administrative Law Judge ("ALJ"). [ECF #12, p. 2]. On December 5, 2012, Plaintiff's claim was heard before ALJ Morriss. [ECF #12, p. 2]. On July 11, 2013, a supplemental hearing was held before ALJ Sweeda, who issued an unfavorable decision on July 31, 2013, finding Plaintiff was not disabled. [ECF #6-2, p. 31; Tr. at 30].

The ALJ's findings were as follows:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 30, 2015.
>
> 2. The claimant has not engaged in substantial gainful activity since February 10, 2011, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> . . . .
>
> 3. The claimant has the following severe impairments: Meniere's disease and hearing loss (20 CFR 404.1520(c)).
>
> . . . .
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> . . . .
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than the full range of sedentary work as defined in 20 CFR 404.1567(a). Specifically, the claimant can lift and/or carry up to 10 pounds occasionally and lesser amounts frequently. He can sit for 6 hours in an 8-hour day and stand and/or walk occasionally. The claimant is limited to working in a quiet environment. He can only rarely bend, defined as 10% of the workday or less. He cannot crawl, climb, balance, or crouch. Additionally, the claimant cannot have exposure to unprotected heights, vibration, or dangerous machinery. He is limited to jobs requiring no use of a telephone.
>
> . . . .
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).
>
> . . . .

> 7. The claimant was born on June 19, 1964 and was 46 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 CFR 404.1563).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).
>
> . . . .
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from February 10, 2011, through the date of this decision (20 CFR 404.1520(g)).

[ECF #6-2, pp. 24-31; Tr. at 23-30].

Plaintiff then filed an appeal with the Appeals Council, and the Appeals Council affirmed the decision of the ALJ. [ECF #6-2, p. 2]. On December 17, 2014, Plaintiff filed a complaint seeking judicial review of the Commissioner's decision. [ECF #1]. Both Plaintiff and Defendant filed briefs [ECF #12; ECF #16; ECF #17], and the Magistrate Judge issued his R&R on December 15, 2015, recommending that the Commissioner's decision be affirmed. [ECF #19]. Plaintiff filed objections on December 29, 2015. [ECF #20]. Defendant replied to these objections on January 15, 2016. [ECF #22].

## **Standard of Review**

**I.     Judicial Review of the Commissioner's Findings**

The federal judiciary has a limited role in the administrative scheme established by the Act,

which provides the Commissioner's findings "shall be conclusive" if they are "supported by substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

This statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that even if the Court disagrees with the Commissioner's decision, the Court must uphold the decision if substantial evidence supports it). This standard of review does not require, however, mechanical acceptance of the Commissioner's findings. *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). The Court "must not abdicate [its] responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner]'s findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

**II.     The Court's Review of the Magistrate Judge's Report and Recommendation**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R&R to which specific objections are made, and it may accept,

4

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## **Applicable Law**

Under the Act, Plaintiff's eligibility for the sought-after benefits hinges on whether he is under a "disability." 42 U.S.C. § 423(a). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 423(d)(1)(A). The claimant bears the ultimate burden to prove disability. *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985). The claimant may establish a prima facie case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P of Part 404 of Title 20 of the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(d) & 416.920(d).

If such a showing is not possible, a claimant may also establish a prima facie case of disability by proving he could not perform his customary occupation as the result of physical or mental

impairments. *See Taylor v. Weinberger*, 512 F.2d 664, 666-68 (4th Cir. 1975). This approach is premised on the claimant's inability to resolve the question solely on medical considerations, and it is therefore necessary to consider the medical evidence in conjunction with certain vocational factors. 20 C.F.R. § 404.1560(a) & § 416.960(a). These factors include the claimant's (1) residual functional capacity, (2) age, (3) education, (4) work experience, and (5) the existence of work "in significant numbers in the national economy" that the individual can perform. *Id.* §§ 404.1560(a), 404.1563, 404.1564, 404.1565, 404.1566, 416.960(a), 416.963, 416.964, 416.965, & 416.966. If an assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it then becomes necessary to determine whether the claimant can perform some other type of work, taking into account remaining vocational factors. *Id.* §§ 404.1560(c)(1) & 416.960(c)(1). Appendix 2 of Subpart P governs the interrelation between these vocational factors. Thus, according to the sequence of evaluation suggested by 20 C.F.R. §§ 404.1520 & 416.920, it must be determined (1) whether the claimant currently has gainful employment, (2) whether he suffers from a severe physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are met, the impairment prevents him from returning to previous work, and (5) whether the impairment prevents him from performing some other available work.

## **Analysis**

In the R&R, the Magistrate Judge recommends affirming the Commissioner's decision, determining that the record contains substantial evidence to support the conclusion that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period. [ECF #19]. Specifically, the Magistrate Judge concludes that the ALJ did not err in finding that Plaintiff did not meet or equal Listing 2.07, did not err in giving great weight to selected portions of the treating

physician's opinions while giving less weight to other portions of his opinions, and did not err in assessing Plaintiff's credibility. Plaintiff raises three objections to the recommendations made by the Magistrate Judge in the R&R. [ECF #20]. Included are Plaintiff's objection that the Magistrate Judge reviewed the ALJ's decision under too narrow a standard, that the Magistrate Judge should have determined the ALJ erred in determining Plaintiff's condition did not meet or was not medically equal to Listing 2.07, and that the Magistrate Judge erred in finding no reversible error regarding Mr. Green's credibility. [ECF #20]. In response, Defendant filed a succinct brief, requesting that this Court overrule Plaintiff's objections and adopt the Magistrate Judge's R&R. [ECF #22]. In light of Plaintiff's objections and pursuant to 28 U.S.C. § 636(b)(1), the Court must conduct a de novo review of the Magistrate Judge's R & R.

Plaintiff objects to the Magistrate Judge's analysis concerning the appropriate standard of review in this case because he failed to consider legal authority suggesting that an ALJ's decision focusing on selective aspects of the record is not based upon "substantial evidence." [ECF #20, p. 2]. Further Plaintiff argues that the Magistrate Judge fails to apply proper legal standards in this case. [ECF #20, p. 2]. In support of Plaintiff's argument, he considers what the courts have previously determined properly accounts for "substantial evidence." Plaintiff asserts that instead of considering the entire record as a whole, the ALJ selectively considered and cited to only a portion of the whole record. *See generally Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (explaining that because claimant submitted evidence from the treating physician after the ALJ's decision, no fact finder had made any finding as to that physician's opinion or reconciled that evidence with the other evidence in the record).

The Fourth Circuit has defined substantial evidence as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of

evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). It is not within this Court's province to determine the weight of the evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). However, if this Court is unable to determine, after reviewing the record as a whole, whether substantial evidence supports the denial of benefits, this Court must remand the case for further proceedings. *Meyer v. Astrue*, 662 F.3d 700, 702 (4th Cir. 2011). Further, in reviewing the record as a whole, the Court must review any new evidence that the Appeals Council specifically incorporated into the record. *Id.* at 704 (citing *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 95-96 (4th Cir. 1991). When consideration of the record as a whole revealed that new evidence from a treating physician is not controverted by other evidence of record, the ALJ's decision has been reversed. *Meyer,* 662 F.3d at 707 (citing *Wilkins*, 953 F.2d at 96). However, the Appeals Council is well within its province to deny a request for review, as it did here, if, upon consideration of all the evidence, including any new evidence, the Appeals Council finds the ALJ's actions, findings, or conclusions, are not contrary to the weight of the evidence. *Meyer,* 662 F.3d at 705.

In *Meyer*, The Fourth Circuit Court of Appeals remanded the case for further fact finding because it could not determine whether substantial evidence supported the denial of benefits. *Id.* The *Meyer* Court emphasized that in his decision, the ALJ indicated an evidentiary gap existed that was subsequently rectified by inclusion of that evidence by the Appeals Council. *Id.* At the same time, while the new evidence corroborated portions of the existing evidence, it was in conflict with other evidence in the record; thus, no finder of fact had made findings of fact as to the treating physician's opinion or attempted to reconcile all of the evidence. *Id.* Similarly, in *Hines v. Barnhart*, the Fourth Circuit considered an ALJ's decision that a claimant had the RFC to perform sedentary work. 453 F.3d 559

(4th Cir. 2006). The ALJ discredited the claimant's testimony regarding his pain and symptoms associated with his illness because he found it inconsistent with the claimant's testimony regarding his daily activities. *Id.* The Fourth Circuit determined that the ALJ's decision was not supported by substantial evidence because the record, when read as a whole, did not reveal an inconsistency and the ALJ ignored other testimony that, despite engaging in certain activities, the claimant was in pain most of the time. *Id.* at 565-566.

In this case, after the ALJ delivered his decision, the Appeals Council received additional medical records, including Plaintiff's most updated audiometric testing results from January 31, 2013. [ECF #6-2, p. 6; Tr. at 5]. The Appeals Council made this medical evidence part of the record. [ECF #6-2, p. 6; Tr. at 5]. In rendering his decision, the ALJ acknowledged that Dr. Kitch, Plaintiff's treating physician for the past six years, stated that audiometric testing from January 2013 revealed "moderately severe to profound sensorineural hearing loss in the left ear and severe to profound sensorineural hearing loss in the right ear." [ECF #6-2, p. 27; Tr. at 26].[1] Further, by letter dated February 2013, Dr. Kitch opined that based on the audiometric testing, he felt Plaintiff met all listing requirements for Listing 2.07. [ECF #6-8, p. 9; Tr. at 390]. However, the ALJ discounted this opinion, at least in part, because he stated "there are no quantitative audiometric testing results in the medical record after January 2012." [ECF #6-2, p. 27; Tr. at 26]. Moreover, the ALJ otherwise afforded most of Dr. Kitch's opinions "great weight" in assessing the medical evidence of record, and the state agency consultants relied on Dr. Kitch's treatment notes in their assessment of Plaintiff.[2] Upon review, the only medical

---

[1] Dr. Kitch practices otolaryngology. [ECF #6-8, p. 7; Exhibit 9F].

[2] The ALJ gave great weight to Dr. Kitch's March 2011 opinion, July 2011 opinion, January 2012 opinion (with the exception of Dr. Kitch's opinion regarding Plaintiff's ability to drive), and his December 2012 opinion. The ALJ also afforded great weight to a portion of Dr. Kitch's August 2012 opinion.

9

opinion regarding the requirements of Listing 2.07 is Dr. Kitch's opinion in December 2012 that Plaintiff did not meet the requirements for Listing 2.07, and his opinion in February 2013 finding that Plaintiff did meet Listing 2.07.[3] After a careful review of the record, including the additional evidence included in the record by the Appeals Council, this Court cannot determine whether substantial evidence supports the ALJ's denial of benefits based upon the record currently before the Court. Accordingly, this Court remands the case for further fact finding in light of the audiometric testing included within the record.

In a related argument in his second objection, Plaintiff asserts that pursuant to SSR 96-6p, the ALJ must utilize a medical expert after a claimant provides additional medical evidence, in this case the February 2013 opinion letter from Dr. Kitch and the related January 2013 audiometric testing results. [ECF #20, p. 5].[4]   SSR 96-6 provides:

> When an administrative law judge or the Appeals Council finds that an individual[']s impairment(s) is not equivalent in severity to any listing, the requirement to receive expert opinion evidence into the record may be satisfied by any of the foregoing documents signed by a State agency medical or psychological consultant.  However, an administrative law judge and the Appeals Council must obtain an updated medical opinion from a medical expert in the following circumstances:

---

[3] Within the record, both the Magistrate Judge and the Plaintiff, indicate that the state agency physicians opined that Plaintiff did not meet the requirements for Listing 2.07. [ECF #19, p. 17; ECF #12, p. 24]. However, Plaintiff also states in his brief that while the state agency consultants accorded Dr. Kitch's opinions great weight, they did not discuss the Listing 2.07 criteria. [ECF #12, p. 24].  This Court did not find a discussion from the state agency medical consultants regarding the listing requirements for Listing 2.07, either. This Court notes that it appears that Dr. Saito considered Listing 2.10 in her determination dated October 7, 2011, but did not ultimately make a finding as to that Listing, other than the general finding that Plaintiff is not disabled. [ECF #6-3, p. 4; Exhibit 1A; Tr. at 82]. Similarly, Dr. Brown also considered Listing 2.10, in his December 2011 opinion, noting that Plaintiff's hearing loss was severe, but "above listing level" referring to Listing 2.10. [ECF #6-3, p. 13; Exhibit 4A, p. 3, Tr. at 91].  Dr. Brown also noted that Plaintiff appeared to suffer from episodes 1-2 times a month or less. [ECF #6-3, p. 14; Exhibit 4A, p. 4, Tr. at 92].

[4] Dr. Kitch opines in this letter that testing completed in January 2013 is consistent with a finding that Plaintiff, in fact, meets the criteria for Listing 2.07, including both sections A and B.

10

\*\*\*

> When additional medical evidence is received that in the opinion of the administrative law judge or the Appeals Council may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments.

SSR 96-6p, 1996 WL 374180, at \*4-\*5 (July 2, 1996). Ultimately, the ALJ is responsible for deciding whether a listing is met or equaled. The Magistrate Judge considered SSR 96-6p and determined that because the ALJ discounted Dr. Kitch's February 2013 opinion, this evidence would not have changed the state agency's medical consultants' finding that the impairment was not equivalent in severity to the listing impairment. [ECF #19, p. 18]. As previously mentioned, this Court is unable to locate the portion of the record where the state agency medical consultants made a finding that Plaintiff failed to meet the listing requirements, nor does the ALJ allude to this finding in his discussion of the weight given these assessments. [ECF #6-2, p. 29; Tr. at 28]. This Court also notes that the state agency medical consultants generally relied upon Dr. Kitch's findings in assessing Plaintiff's claim. Further, this Court is mindful of the fact that the ALJ noted within his decision that he discounted Dr. Kitch's opinion in part because there were no audiometric testing results in the record after January 2012. Given the fact that these results are now included within the record, along with the fact that the ALJ generally gave great weight to most of the opinions of Dr. Kitch, this Court is unable to determine whether this new evidence might change the state agency medical consultant's opinions, if indeed they did have an opinion as to whether Plaintiff met Listing 2.07. Accordingly, this Court further remands this case for further proceedings to obtain an updated expert medical opinion pursuant to SSR 96-6p.

Plaintiff's final objection is that the Magistrate Court erred in recommending that the ALJ properly addresses Plaintiff's credibility. Specifically, Plaintiff argues that there is an inconsistency in finding that Dr. Kitch's opinions, but not Plaintiff's allegations, were supported by objective medical

11

evidence. [ECF #20, p. 9]. Additionally, Plaintiff argues that the ALJ's determination that medical tests did not support Plaintiff's allegations is inaccurate. [ECF #20, p. 10]. Further, Plaintiff argues that the ALJ erred in relying on a single activity, driving, to assess credibility. [ECF #20, p. 11]. Finally, Plaintiff argues that the ALJ should have considered his prior work record in assessing credibility. [ECF #20, p. 11].

Under the appropriate scope of review, this Court cannot substitute its own credibility determination in place of the ALJ, but may review the decision to determine whether substantial evidence supports the decision. *Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005). Even though there may be conflicting evidence, this Court may not re-weigh that evidence. *Id.* at 653. In light of the fact that this Court is remanding this case for further fact finding consistent with this Order, this Court finds it is unable to perform a meaningful review of the credibility determination, given the fact that this Court cannot determine what effect, if any, this additional evidence might have on the ALJ's credibility assessment of Plaintiff. Accordingly, after any additional fact finding, and upon review of the evidence now in the record, this Court finds the ALJ should re-assess Plaintiff's credibility at that time.

## **Conclusion**

The Court has thoroughly reviewed the entire record as a whole, including the administrative record, the briefs [ECF #12, 16, 17], the Magistrate Judge's R & R [ECF #19], Plaintiff's objections to the R & R [ECF #20], Defendant's response to Plaintiff's objections [ECF #22], and the applicable law. For the foregoing reasons, the Court respectfully rejects the recommendation of the Magistrate Judge. The action is remanded to the Commissioner for further fact finding consistent with this Order. The Commissioner's decision is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and the case

is remanded to the Commissioner for further administrative action.

**IT IS SO ORDERED.**

Florence, South Carolina                                        s/ R. Bryan Harwell
March 23, 2016                                                  R. Bryan Harwell
                                                                United States District Judge